CiCi Cunningham, Esq.  E-Filed: **May 9, 2012**
Nevada Bar No. 4960
LAW OFFICE OF CiCi CUNNINGHAM
2831 St. Rose Parkway, Suite 251
Henderson, Nevada 89052
Telephone: (702) 932-7763
Facsimile: (702) 818-1065
CiCiEsq@cox.net
Attorneys for Debtors-In-Possession

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: ) | Case No. 11-15796-BAM |
| ) | Chapter 11 |
| Jose Unson and Elsa Unson, ) | |
| ) | |
|     Debtors-In-Possession ) | Confirmation Hearing Date: **July 17, 2012** |
| ) | Confirmation Hearing Time: **9:00 am** |
| _____ ) | |

*First Amended* **PLAN OF REORGANIZATION OF**
**JOSE UNSON AND ELSA UNSON**

**ARTICLE I – SUMMARY**

    This Plan of Reorganization (the "Plan") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.* (the "Bankruptcy Code") proposes to pay creditors of the above-captioned debtors and debtors-in-possession (the "Debtors") from the reorganization of their residential property and secured debt.

    This Plan provides for 2 classes of secured claims and 2 classes of unsecured claims. Unsecured creditors holding allowed claims may receive distributions, if objections to the Plan are lodged under Section 1129(a)(15) of the Bankruptcy Code, which the Debtors have valued at approximately 8% of each creditor's allowed claim. If no objections are lodged, the Debtors may elect to make revise or amend distributions to general unsecured creditors. This Plan also provides for the payment of administrative and priority claims in full on the effective date of this Plan, or as agreed by the holder of such administrative or priority claim.

    All creditors should refer to Articles II through IV of this Plan for information regarding the precise treatment of their claims. A Disclosure Statement (the "Disclosure Statement") that provides more detailed information regarding this Plan and the rights of creditors was circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.

**A.   DEFINITIONS**

1.1   "Accumulation Account" means the interest bearing account in which Debtors will deposit any surplus monthly income over expenses.

1.2   "Administrative Claim" means a claim for payment of any administrative Expense of the kind specified in section 503(b) of the Code and referred to in section 507(a)(1) of the Code.

1.3   "Allowed Claim" means any claim in the amount and of the priority Classification set forth in the Proof of Claim, that has been listed in Debtor's Schedules as undisputed, or has been timely filed in the case, unless (i) such claim has been objected to or is objected to after Confirmation, in which case such claim shall be allowed only in such amount and such classification as is authorized by order of the Bankruptcy Court; or (ii) such claim has been paid in full, withdrawn, or otherwise deemed satisfied in full.

1.4   "Allowed Unsecured Claim" means an allowed claim against Debtors which is not an allowed priority claim, allowed secured claim or claim of an administrative creditor.

1.5   "Administrative Convenience Claim" means any unsecured non-priority claim whose total value is $1,000.00 or less.  These claims shall be repaid at 100% of the total amount of the claim, but because the check each month would be an administrative burden, these claims shall be paid the amount due to them under the plan in one "lump sum " payment by the Effective Date.

1.6   "Case" means Debtor's Chapter 11 proceeding, case number BKS-11-15796-BAM in the United States Bankruptcy Court for the District of Nevada.

1.7   "Claim" as defined in section 101(4) of the Code and shall include all rights to payment from Debtors.

1.8   "Code" means the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*.

1.9   "Confirmation" means the date upon which the Order is entered by the Court confirming the Plan under Section 1129 of the Code.

1.10   "Consummation of the Plan" means the accomplishment of all things provided for in the Plan.

1.12   "Court" means the United States Bankruptcy Court for the District of Nevada.

1.12   "Creditor" means any person having an allowed administrative, unsecured, secured, or priority claim against the Debtors.

1.13   "Effective Date" means the date which is Forty Five (45) days following the Entry of the Order for Confirmation.

1.14   "Final Order" means an Order of the court as to which any appeal or certiorari proceeding that has been or may be taken has been finally resolved or as to which the time for appeal or certiorari proceeding has expired.

1.15   "Operating Expenses" means the ordinary and necessary expenses of operating, maintaining and preserving the Bankruptcy Estate to its current standard including reasonable estimates of reserves for contingencies and necessary expenses associated with the orderly liquidation.

1.16   "Plan" means the Plan of Reorganization, including any modifications, attachments, exhibits, amendments or corrections.

1.17   "Surplus Cash" means that amount of cash left over at the end of each

Calendar year after payment of ordinary and necessary operating expense, reasonable capital improvements and debt service.

## ARTICLE II

## CLASSIFICATION AND TREATMENT OF CLAIMS

### A. Classification of Claims

This Plan constitutes the Chapter 11 plan of reorganization of the Debtors. All Claims against the Debtors are placed in classes (each a "Class") as designated by Classes 1 through 5. In accordance with section 1123(a)(1) of the Bankruptcy Code, the Debtors have not classified Administrative Claims and Priority Tax Claims as voting classes.

The categories of Claims (as defined in the Bankruptcy Code, listed below classify Claims for all purposes, including, without limitation, voting, confirmation and distribution pursuant to this Plan sections 1122 and I 123(a)(I) of the Bankruptcy Code.

The Plan deems a Claim to be classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and shall be deemed classified in a different Class to the extent that any remainder of such Claim qualifies within the description of such different Class. A Claim is in a particular Class only to the extent that any such Claim is allowed in that Class and has not been paid or otherwise settled prior to the effective date of the Plan as determined in paragraph 6.02 below.

All claims, as defined herein and at Section 101(4) of the Code, against the Debtors, of whatever nature, whether or not scheduled or liquidated, absolute or contingent, whether resulting in an allowed claim or not, shall be bound by the provisions of the Plan.

### B. Treatment of Claims

**Class 1 – Secured Claims of Lenders –** *Unimpaired*

These claims consist of lenders who are first or second lenders against the real property owned by the Debtors. The Debtor shall to pay the Creditors in this class in full according to the terms of the related note and mortgage.

2.1   Class1/Claim 1.1 (hereinafter referred to as "Claim 1.1" - Secured Claim of Bank of America

(a) *Classification:* Claim 1.1 consists of the Bank of America's First lienholder claim against the Debtors' property located at *7736 Boswell Court, Las Vegas, Nevada 89139*, which is secured by a lien against the Debtors' real property, loan number *xxxx6775*.

(b) *Treatment:* The holder of the allowed Claim 1.1 Secured Claim shall be unimpaired and paid in full in accordance with the terms of its related

3

note and mortgage.

    (c)    *Voting:* Claim 1.1 is unimpaired and part of an unimpaired class, and the holder of Claim 1.1 is conclusively deemed to have accepted the Plan pursuant to section 1126(1) of the Bankruptcy Code. Therefore, the holder of Claim 1(a) is not entitled to vote to accept or reject the Plan.

2.2    Class 1/Claim 1.2 —Secured Claim of BAC:

    *(a)*    *Classification:* Claim 1.2 Claim consists of the BAC's Second lienholder claim against the Debtors' property located at *7736 Boswell Court, Las Vegas, Nevada 89139*, which is secured by a lien against the Debtors' real property, *loan number xxxx6783*.

    (b)    *Treatment:* The holder of the allowed Claim 1.2 Secured Claim shall be unimpaired and the claim of $850.47 as filed in the claim registry as claim number 10 shall be paid in full upon confirmation of the plan and paid in accordance with the terms of its related note and mortgage.

    (c)    *Voting:* Claim 1.2 is unimpaired and part of an unimpaired class, and the holder of Claim 1.2 is conclusively deemed to have accepted the Plan pursuant to section 1126(1) of the Bankruptcy Code. Therefore, the holder of Claim 1.2 is not entitled to vote to accept or reject the Plan.

2.3    Class 1/Claim 1.3 —Secured Claim of Bank of America

    (a)    *Classification:* Claim 1.3 Claim consists of Bank of America's First lienholder claim against the Debtors' property located at *1348 S. Barranca Avenue, Glendora, CA 91740*, which is secured by a lien against the Debtors' real property, *loan number xxxx1915*.

    (b)    *Treatment:* The holder of the allowed Claim 1.3 Secured Claim shall be unimpaired and paid in full in accordance with the terms of its related note and mortgage.

    (c)    *Voting:* Claim 1.3 is unimpaired and part of an unimpaired class, and the holder of Claim 1.3 is conclusively deemed to have accepted the Plan pursuant to section 1126(1) of the Bankruptcy Code. Therefore, the holder of Claim 1.3 is not entitled to vote to accept or reject the Plan.

2.4 <u>Class1/Claim 1.4 - Secured Claim of Chase</u>

    (a) *Classification:* Claim 1.4 Claim consists of Chase's First lienholder claim against the Debtors' property located at *1348 S. Barranca Ave., Glendora, CA  91740*, which is secured by a lien against the Debtors' real property, *loan number xxxx 7601*.

    (b) *Treatment:* The holder of the allowed Claim 1.4 Secured Claim shall be unimpaired and paid in full in accordance with the terms of its related note and mortgage.

    (c) *Voting:* Claim 1.4 is unimpaired and part of an unimpaired class, and the holder of Claim 1.4 is conclusively deemed to have accepted the Plan pursuant to section 1126(1) of the Bankruptcy Code. Therefore, the holder of  Claim 1.4  is not entitled to vote to accept or reject the Plan.

2.5 <u>Class 1/Claim 1.5-- Secured Claim of Aurora</u>

    (a) *Classification:* Claim 1.5 Claim consists of Aurora's First lienholder claim against the Debtors' property located at *3511 Sunaire, Mesa, AZ 85215*, which is secured by a lien against the Debtors' real property, loan number *xxxx5817*.

    (b) *Treatment:* The holder of the allowed Claim 2.5 Secured Claim shall be unimpaired and paid in full in accordance with the terms of its related note and mortgage.

    (c) *Voting:* Claim 1.5 is unimpaired and part of an unimpaired class, and the holder of Claim 1.5 is conclusively deemed to have accepted the Plan pursuant to section 1126(1) of the Bankruptcy Code. Therefore, the holder of  Claim 1.5  is not entitled to vote to accept or reject the Plan.

2.6 <u>Class1/Claim 1.6  - Secured Claim of ASC/Wells Fargo:</u>

    (a) *Classification:* Claim 1.6 Claim consists of ASC's First lienholder claim against the Debtors' property located at *3397 Newland Loop, Lehi, Utah  84043*, which is secured by a lien against the Debtors' real property, *loan number xxxx0980*.

    (b)    *Treatment:* The holder of the allowed Claim 1.6 Secured Claim shall be unimpaired and paid in full in accordance with the terms of its related note and mortgage.

    (c)    *Voting:* Claim 1.6 is unimpaired and part of an unimpaired class, and the holder of Claim 1.6 is conclusively deemed to have accepted the Plan pursuant to section 1126(1) of the Bankruptcy Code. Therefore, the holder of Claim 1.6 is not entitled to vote to accept or reject the Plan.

2.7    <u>Class1/Claim 1.7 - Secured Claim of EMC</u>

    (a)    *Classification:* Claim 1.7 Claim consists of EMC's Second lienholder claim against the Debtors' property located at *3397 Newland Loop, Lehi, Utah  84043*, which is secured by a lien against the Debtors' real property, *loan number xxxx8108*.

    (b)    *Treatment:* The holder of the allowed Claim 1.7 Secured Claim shall be unimpaired and paid in full in accordance with the terms of its related note and mortgage.

    (c)    *Voting:* Claim 1.7 is unimpaired and part of an unimpaired class, and the holder of Claim 1.7 is conclusively deemed to have accepted the Plan pursuant to section 1126(1) of the Bankruptcy Code. Therefore, the holder of Claim 1.7 is not entitled to vote to accept or reject the Plan.

2.8    <u>Class1/Claim 1.8 - Secured Claim of Aurora</u>

    (a)    *Classification:* Claim 1.8 Claim consists of Aurora's Second lienholder claim against the Debtors' property located at *61 Aruba Drive, Saratoga Springs, UT  84043*, which is secured by a lien against the Debtors' real property, *loan number 0030959233*.

    (b)    *Treatment:* The holder of the allowed Claim 2.8 Secured Claim shall be unimpaired and paid in full in accordance with the terms of its related note and mortgage.

    (c)    *Voting:* Claim 1.8 is unimpaired and part of an unimpaired class, and the holder of Claim 1.8 is conclusively deemed to have accepted the Plan pursuant to section 1126(1) of the Bankruptcy Code. Therefore, the holder of Claim 1.8 is not entitled to vote to accept or reject the Plan.

2. **Class 2 – Secured Creditors with Bifurcated Claims –** *Impaired*

This class consists of creditors with secured claims as either first or second lienholders that have been bifurcated pursuant to Motions to Value Collateral filed in this case. This class represents the Secured portion of the claims and each creditor in this class is impaired.

| Plan Claim No. | Name of Creditor | Amount of Secured Claim | Treatment in Plan | Amount of monthly Payment |
|---|---|---|---|---|
| 2.1 | Chase | $130,000.00 | 5.25% over 360 months | $717.86 |
| 2.2 | Mellon/GMAC | *Property surrendered* | *Property surrendered* | *Property surrendered* |
| 2.3 | Bank of America | $ 205,000.00 | 5.0 % over 360 months | $1,100.48 |
| 2.4 | GMAC | $ 22,794.15 | 5.25 % over 360 months | $127.83 |
| 2.5 | Bank of America | $180,000.00 | 5.25 % over 360 months | $993.97 |
| 2.6 | Bank of America | $ 15,000.00 | 5.00 % over 360 months | $80.52 |
| 2.7 | Saxon Mortgage Serv. | $195,000.00 | 5.25% over 360 months | $1,076.80 |

2.9    Class 2/Claim 2.1 - Secured Claim of Chase

(a) *Classification:* Class 2.1 consists of the Secured Claim of Chase against the Debtors' property located at *1254 Fraya Drive, Las Vegas*, Nevada 89119, which is secured by a lien against the Debtors' real property, *loan number 0684057904*.

(b) *Treatment:* The holder of the allowed Class 2.1 Secured Claim in the amount of $130,000.00 shall be impaired and paid the allowed amount of its claim as set forth herein, amortized at 5.25% over 360 months, and in accordance with all other terms of its related note and mortgage.

(c) The payments shall be $717.86 per month and shall be paid by the 16th day of each month to the current billing address or to another address clearly designated by the creditor in writing.

(d) *Unsecured Portion of the Claim:* Any amount of a Class 2.1 claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

7

(e) *Voting:* Class 2.1 is an impaired class, and the holder of the Class 2.1 claim is entitled to vote to accept or reject the Plan.

2.10    Class 2/Claim 2.2 - Secured Claim of Mellon Bank/GMAC

(a) *Classification:* Class 2.2 consists of the Secured Claim of Mellon Bank/GMAC against the Debtors' property located at *9197 Spoonbill ridge Pl., Las Vegas, Nevada 89143*, which is secured by a lien against the Debtors' real property, *loan number 0601105224*.

(b) *Treatment:* The property is being surrendered to the lienholder.

2.11    Class 2/Claim 2.3 - Secured Claim of Bank of America

(a) *Classification:* Class 2.3 consists of the Secured Claim of Bank of America against the Debtors' property located at *9246 Arbor Glen, Las Vegas, Nevada 89123*, which is secured by a lien against the Debtors' real property, *loan number 129345669*.

(b) *Treatment:* The holder of the allowed Class 2.3 Secured Claim in the amount of $205,000.00 shall be impaired and paid the allowed amount of its claim as set forth herein, amortized at 5.0% over 360 months, and in accordance with all other terms of its related note and mortgage.

(c) The payments shall be $1,100.48 per month and shall be paid by the 16th day of each month to the current billing address or to another address clearly designated by the creditor in writing.

(d) In addition, the Debtors agree, that if this property is sold prior to July 17, 2017, that they will pay an additional 7% ($14,350.00) as a pre-payment penalty. After July 17, 2017, the pre-payment penalty then no exists and the Debtors may sell the property with no pre-payment penalty being assessed.

(e) *Unsecured Portion of the Claim:* Any amount of a Class 2.3 claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(f) *Voting:* Class 2 is an impaired class, and the holder of Claim 2.3 claim is entitled to vote to accept or reject the Plan.

(g) This creditor also has an administrative claim for post-petition escrow advances. This claim is in the amount of $8232.28 and the creditor has agreed to accept payments over 24 months in the amount of $343.01.

2.12 Class 2/Claim 2.4 - Secured Claim of GMAC

    **(a)** *Classification:* Class 2.4 consists of the Secured Claim of GMAC against the Debtors' property located at *61 Aruba Drive, Saratoga Springs, UT  84043*, which is secured by a lien against the Debtors' real property, *loan number 0307636230*.

    (b) *Treatment:* The holder of the allowed Claim 2.4 Secured Claim in the amount of $22,794.15 shall be impaired and paid the allowed amount of its claim as set forth herein, amortized at 5.25% over 360 months, and in accordance with all other terms of its related note and mortgage.

    (c) The payments shall be $127.83 per month and shall be paid by the 16th day of each month to the current billing address or to another address clearly designated by the creditor in writing.

    (d) *Unsecured Portion of the Claim:* Any amount of Claim 2.4 that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

    (e) *Voting:* Class 2 is an impaired class, and the holder of Claim 2.4 claim is entitled to vote to accept or reject the Plan.

2.13 Class 2/Claim 2.5 - Secured Claim of Bank of America/Deutche

    **(a)** *Classification:* Class 2.4 consists of the Secured Claim of Bank of America/Deutche against the Debtors' property located at *1935 Sagittarius Drive, Loveland, CO  80537*, which is secured by a lien against the Debtors' real property, *loan number 073368120*.

    (b) *Treatment:* The holder of the allowed Claim 2.5 Secured Claim in the amount of $180,000.00 shall be impaired and paid the allowed amount of its claim as set forth herein, attached hereto, amortized at 5.25% over 360 months, and in accordance with all other terms of its related note and mortgage.

    (c) The payments shall be $993.97 per month and shall be paid by the 16th day of each month to the current billing address or to another address clearly designated by the creditor in writing.

    (d) *Unsecured Portion of the Claim:* Any amount of Claim 2.5 that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

    (e) *Voting:* Class 2 is an impaired class, and the holder of Claim 2.5 claim is entitled to vote to accept or reject the Plan.

2.14   Class 2/Claim 2.6 - Secured Claim of Bank of America

    (a)   *Classification:* Class 2.6 consists of the Secured Claim of Bank of America against the Debtors' property located at *1935 Sagittarius Drive, Loveland, CO  80537,* which is secured by a lien against the Debtors' real property, *Loan number 073368128*.

    (b)   *Treatment:* The holder of the allowed Claim 2.6 Secured Claim in the amount of $15,000.00 shall be impaired and paid the allowed amount of its claim as set forth herein, attached hereto, amortized at 5.00% over 360 months, and in accordance with all other terms of its related note and mortgage.

    (c)   The payments shall be $80.52 per month and shall be paid by the 16th day of each month to the billing address or to another address clearly designated by the creditor in writing.

    (d)   *Unsecured Portion of the Claim:* Any amount of Claim 2.6 that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

    (e)   *Voting:* Class 2 is an impaired class, and the holder of Claim 2.6 claim is entitled to vote to accept or reject the Plan.

2.15   Class 2/Claim 2.7 - Secured Claim of Saxon Mortgage Services, Inc.

    (a)   *Classification:* Class 2.7 consists of the Secured Claim of SaxonMortgage Services, Inc.  against the Debtors' property located at *9446 Back Bay, Las Vegas, NV  89123*, which is secured by a lien inst the Debtors' real property, *Loan number 0293231656*.

    (b)   *Treatment:* The holder of the allowed Claim 2.6 Secured Claim in the amount of $195,000.00 shall be impaired and paid the allowed amount of its claim as set forth herein, amortized at 5.25% over 360 months, and in accordance with all other terms of its related note and mortgage.

    (c)   The payments shall be $1076.80 per month and shall be paid by the 16th day of each month to the current billing address or to another address clearly designated by the creditor in writing.

    (d)   *Unsecured Portion of the Claim:* Any amount of Claim 2.7 that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

    (e)   *Voting:* Class 2 is an impaired class, and the holder of Claim 2.7

claim is entitled to vote to accept or reject the Plan.

**Class 3 – Priority Claims -** *None*

2.16    Class 3 – Priority Claims of Debtors

(a) *Classification:* Class 3 consists of the Priority Claims against the Debtors.

(b) *Treatment:* The legal, equitable and contractual rights of the holders of allowed Class 3 Claims are unaltered. Except to the extent that a holder of an allowed Class 3 claim has been paid by the Debtors prior to the effective date of this Plan or otherwise agrees to different treatment, each holder of an allowed Class 3 Claim shall receive, in full and final satisfaction of such allowed Class 3 claim, payment in full in cash on or as soon as reasonably practicable after (i) the effective date of the Plan, (ii) the date such allowed Class 3 claim becomes allowed or (iii) such other date as may be ordered by the Bankruptcy Court.

(c) *Voting:* Class 3 is an unimpaired Class, and is deemed to have accepted the Plan pursuant to section 1126(1) of the Bankruptcy Code. Therefore, the holders of Class 3 claims are not entitled to vote to accept or reject the Plan.

*There are no known priority claims owed by the Debtor at this time.*

**Class 4 – Convenience Class Claims**

| Name of Creditor | Amount of Unsecured Claim |
|---|---|
| Capital One | $   245.50 |

2.16    Class 4 – Convenience Class Claims

(a) *Classification:* Class 4 consists of Convenience Claims in an amount under $1,000.00 each against the Debtors in accordance with section 1122(b) of the Bankruptcy Code.

(b) *Treatment:* The legal, equitable and contractual rights of the holders of allowed Class 4 claims are unaltered. Except to the extent that a holder of an allowed Class 4 claim has been paid by the Debtors prior to the effective date of this Plan or otherwise agrees to different treatment, each holder of an allowed Class 4 claim shall receive, in full and final satisfaction of such allowed Class 4 claim, payment in full in cash on

or as soon as reasonably practicable after (i) the effective date of the Plan, (ii) the date such allowed Class 4 claim becomes allowed or (iii) such other date as may be ordered by the Bankruptcy Court.

(c) *Voting:* Class 4 is an unimpaired class, and the holders of Class 4 claims are conclusively deemed to have accepted the Plan pursuant to section 1126(1) of the Bankruptcy Code. Therefore, the holders of Class 4 claims are not entitled to vote to accept or reject the Plan.

***There is only one known creditor in this class at this time:***
***Capital One - $245.50.***

5. **Class 5 – General Unsecured Claims**

| Name of Creditor | Amount of Unsecured Claim |
|---|---|
| Chase *Loan #0684057904* | $145,322.91 |
| GMAC – *property surrendered Loan # 0601105224* | $ 20,000.00[1] |
| Bank of America *Loan # 129345669* | $186,793.73 |
| GMAC *Loan # 0307636230* | $ 3,000.00 |
| Bank of America *Loan # 073368128* | $ 35,000.00 |
| Saxon Mortgage Services, Inc. *Loan #0293231656* | $209,302.94 |
| Bank of America Loan #68249024869699 | $49,000.00 |
| Aurora Loan Services Loan #0032616625 | $ 27,124.30 |
| Aurora Loan Services Loan #0032671505 | $ 20,000.00[2] |
| Wells Fargo | $ 76,803.32 |
| Discover | $ 6,761.40 |
| Spring Mountain HOA | $ 1,101.79 |
| FIA Card Services | $ 17,464.81 |
| Chase | $ 27,124.30 |
| American Express | $ 10,980.68 |
| Advanta | $ 24,431.00 |
| Bank of America | $ 5,370.65 |
| Bank of America | $ 24,638.00 |

---

[1] *Estimated amount as property was surrendered and no unsecured proof of claim has been filed yet.*
[2] *Estimated amount as property was surrendered and no unsecured proof of claim has been filed yet.*

| Bank of America | $ 18,092.00 |
| Citicard | $ 19,908.00 |
| Maricopa Meadows HOA | $  1,976.95 |

***Total Amount of General Unsecured Claims - $1,001,624.59***

    2.17    <u>Class 5 – General Unsecured Claims</u>

(a) *Classification:* Class *5* consists of General Unsecured Claims against the Debtors, which includes the unsecured portion of the Debtors' first and second lien holders' claims.

(b) *Treatment:* Holders of allowed General Unsecured Claims shall receive, in full and final satisfaction of such allowed Class 5 claims, their pro rata share of the Debtors' monthly plan payments, which the Debtors estimate to be 8% of such creditor's claim.  *Said payments to creditors shall begin after the Administrative Expenses are paid, which Debtors estimate to be 14 months after the plan payments initially begin.*

(c) *Voting:* Class 5 is an impaired Class, and holders of Class 5 claims are entitled to vote to accept or reject the Plan.

**ARTICLE III**

**TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS.**
**U.S. TRUSTEES FEES AND PRIORITY TAX CLAIMS**

The following chart lists the Debtors' estimated administrative expenses, and their proposed treatment under the Plan:

| TYPE | ESTIMATED AMOUNT OWED | PROPOSED TREATMENT |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | Coming current as of the date of filing of the Disclosure Statement. | Paid in full on the effective date of the Plan, or according to terms of obligation if later. |
| Professional Fees, Law Office of CiCi Cunningham in an amount to be approved by the Court | $20,000.00 | Paid in monthly installments over 14 months, or according to Court order if such fees have not been approved by the Court on the effective date of the Plan. |
| Professional Fees. Olson, Cannon, | $3,000.00 | Paid in monthly installments over 14 months, or according |

| | | |
|---|---|---|
| Gormely & Desruisseaux in an amount to be approved by the Court | | to Court order if such fees have not been approved by the Court on the effective date of the Plan. |
| Advanced Escrow Fees. Bank of America Loan # 1293456 | $8,232.28 | Paid in 24 monthly installments. |
| **TOTAL** | **$31,232.28** | $2,000.00 per month to be paid out of plan payment for first 14 months. Then $343.01 to be paid out of plan payment for 10 months. |

3.01    Unclassified Claims. In accordance with section 1l23(a)(l) of the Bankruptcy Code, administrative expense claims, and priority tax claims are not in classes.

3.02    Administrative Exnense Claims. Each holder of an administrative expense claim allowed under Section 503 of the Bankruptcy Code will be paid in full in approximately 10 monthly payments to begin on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03    Priority Tax Claims. Each holder of a priority tax claim will be paid in full on the effective date of this Plan, or with respect to the Internal Revenue Service, as agreed upon among the parties.

3.04    United States Trustee Fees. All fees required to be paid by 28 U.S.C. § 1930 will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date. To eliminate continued Trustee payments and the filing of operating reports, the Debtors are seeking to close this case after confirmation of the plan.

### ARTICLE IV
### PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**4.    Executory Contracts – Treatment**

 (a) The Debtors shall assume, on the effective date of this Plan, the executory contract and unexpired lease listed herein.

(b) The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 4.0 1(a) above. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

(c) The confirmation order shall constitute an order of the Bankruptcy Court approving such

assumptions pursuant to sections 365 and 1123 of the Bankruptcy Code as of the effective date of this Plan.

(d)  Any objection by a party to an executory contract or unexpired lease to the Debtors' proposed assumption or any related cure amount set forth herein must be filed, served and actually received by the Debtors at least seven (7) days prior to the confirmation hearing of this Plan.

Any party to an executory contract or unexpired lease that fails to object timely to the proposed cure amount will be deemed to have consented to such assignment of its executory contract or unexpired lease. The confirmation order shall constitute an order of the Bankruptcy Court approving any proposed assignments of executory contracts or unexpired leases pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date.

(e) In the event of a dispute regarding (i) the amount of any cure payment, (ii) the ability of the Debtors to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the executory contract or unexpired lease to be assigned or (iii) any other matter pertaining to assignment, the applicable cure payments required by section *365(b)(I)* of the Bankruptcy Code shall be made following the entry of a final order or orders resolving the dispute and approving the assumption. If an objection to a cure amount is sustained by the Bankruptcy Court, the Debtors at their sole option, may elect to reject such executory contract or unexpired lease in lieu of assuming and assigning it.

| Creditor | Lease | Accepted or Rejected |
|---|---|---|
| Sa-Ro Leasing | Equipment Lease | Assume lease with revised terms of $550.00 per month for a total of 24 months (final payment to cease October 2013) and $1,500.00 as a final buyout purchase price of equipment. |

## ARTICLE V

## MEANS FOR IMPLEMENTATION OF THE PLAN

5.01    Source of Payments.

If an objection to the Plan is lodged under Section 1129(a)(15) of the Bankruptcy Code, the Debtors' Payments and distributions under the Plan will be funded by the Debtors, based upon their (a) projected monthly rental income and (b) personal income. The Liquidation Analysis attached the Disclosure Statement as Exhibit C, outlines the Debtors' sources and uses of income. The Debtors' monthly Plan payment shall be two thousand dollars ($2,000.00). If no objections are lodged to the Plan, the Debtors may make no distributions to general unsecured creditors.

5.02     Method of Plan Payments

(a)     On or about the effective date of the Plan, to the extent necessary, the Debtors shall begin making monthly payments to the creditors on a pro rata basis. *The administrative claims will be paid first and thereafter, payments to unsecured creditor. The payments to unsecured creditors are estimated to begin approximately 15 months after the effective date.* If the total payment is less than $500.00, then the Debtor shall deposit said sums in a bank account and remit the payment to the creditor on a quarterly basis, until such claims are paid as scheduled to be paid through the Plan.

(b)     Except as otherwise provided in the Plan, or upon the entry of a final, non-appealable order of the Bankruptcy Court, or as agreed to by the relevant parties, distributions under the Plan on account of a disputed claim that becomes an allowed claim after the effective date of the Plan shall be begin on the regular quarterly payment date, as established by calculating 90 days from the Effective Date. Said date must be at least thirty (30) days after such claim becomes an allowed claim.

(c)     Notwithstanding anything in the Plan to the contrary, and except as otherwise agreed to by the relevant parties, no partial payments and no partial distributions shall be made with respect to a disputed claim until all such disputes in connection with such disputed claim have been resolved by settlement among the parties or a final order of the Bankruptcy Court.

5.04     Post-confirmation Management.

The Debtors will manage their properties post-petition in the ordinary course, which will include the assumption and continued operation under all partnership agreements, as well as the debt service obligations thereunder. They will be authorized to enter into, terminate and renew lease agreements as they see fit. Such activities will include retaining management companies to aid in the renting of their property, drafting and serving eviction notices, negotiating loan modifications or refinancing their properties, repairing the properties and maintaining a reserve account of up to one month's mortgage payments, or $10,000.00, whichever is greater.

**ARTICLE VI**
**GENERAL PROVISIONS**

6.01     Definitions and Rules of Construction.

The definitions and rules of construction set forth in Sections 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan.

6.02     Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the confirmation order. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

6.03     Modification of Plan. The Debtors may modify the Plan at any time before confirmation of the Plan. The Court, however, may require a new Disclosure Statement and/or re-voting on the Plan. The Debtors may also seek to modify the Plan at any time after confirmation only if (A) the Plan has not been substantially consummated and (B) the Court authorizes the proposed modifications after notice and a hearing.

Upon request of the Debtors, the Plan may be modified at any time after confirmation of the Plan, but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take on accounting of any payment of a claim made other than under the Plan.

Effective as of the date hereof and subject to the limitations and rights contained in the Plan: (a) the Debtors reserve the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan prior to the entry of the confirmation order; and (b) after the entry of the confirmation order, the Debtors may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan; provided, however, that any modification to the Plan shall not affect the rights or treatment of holders of unsecured claims.

6.04     Final Decree.  Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of bankruptcy Procedure, the Debtors, or such other party as the Court shall designate in the Plan confirmation order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

6.05     Release of Liens, Claims and Equity Interests.  Except as otherwise provided herein or in the following sentence or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, upon confirmation, all liens, claims, mortgages, deeds of trust, or other security interests against the property of the Debtors' estate shall be fully released and discharged. The existing liens and lien rights of those lenders holding claims in Class 1 and Class 2 are expressly preserved under the Plan, and their existing liens shall ride through and remain attached to any and all underlying collateral in any transfer of property expressly set forth in, or contemplated by, the Plan. To the extent any provision in this Plan or the Confirmation Order can be read to contradict the express preservation of lien rights in this provision, this provision controls.

6.06     Effectuating Documents; Further Transactions.

The Debtors may take all actions to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan.

6.07    Exemption from Certain Transfer Taxes. Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and the confirmation order shall direct the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

6.08    Revocation of Plan. The Debtors reserve the right to revoke or withdraw the Plan prior to the confirmation hearing and to file subsequent Chapter 11 plans. If the Debtors revoke or withdraw the Plan, or if confirmation does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Court; and (3) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims by or against, the Debtors or any other entity; (b) prejudice in any manner the rights of the Debtors or any other entity; or (c) constitute an admission, acknowledgement, offer or undertaking of any sort by the Debtors or any other entity.

6.09    Successors and Assigns. The rights, benefits and obligations of any entity named or referred to herein shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such entity.

6.10    Reservation of Rights. Except as expressly set forth herein, the Plan shall have no force or effect until the Court enters the confirmation order. Neither the filing of the Plan, any statement or provision contained in the Disclosure Statement, nor the taking of any action by a Debtors or any other entity with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of: (1) any Debtors with respect to the holders of claims or other entity; or (2) any holder of a Claim or other entity prior to the effective date of the Plan.

6.11    Further Assurances. The Debtors or the reorganized Debtors, as applicable, all holders of Claims receiving distributions under the Plan and all other entities shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan or the confirmation order.

6.12    Severability. If, prior to confirmation of the Plan, any term or provision of the Plan is held by the Court to be invalid, void or unenforceable, the Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision then will be applicable as altered or interpreted, *provided* that any such alteration or interpretation must be in form and substance reasonably acceptable to the Debtors, and, to the extent such alteration or interpretation affects the rights or treatment of holders of unsecured claims, such claim holder.

6.13    Return of Security Deposits. Unless the Debtors agree otherwise in a written agreement or stipulation approved by the Court, all security deposits provided by the Debtors

to any person or entity at any time after the petition date shall be returned to the Debtors within twenty (20) days after the date of confirmation, without deduction or offset of any kind.

6.14   Filing of Additional Documents. On or before the Effective Date, the Debtors may file with the Court all agreements and other documents that may be necessary or appropriate to effectuate and further evidence the terms and conditions hereof.

6.15   Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

## ARTICLE VII

## DISCHARGE

7.01 Discharge. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments to unsecured creditors under this Plan, which is 5 years or 20 quarterly payments, or as otherwise provided in §1141(d)(5) of the Code. The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Dated this the 9th day of May, 2012.

Respectfully Submitted By:        __/s/_ *CiCi Cunningham*_____
                                  CiCi Cunningham, Esq.
                                  LAW OFFICE OF CiCi CUNNINGHAM
                                  2831 St. Rose Parkway, Suite 251
                                  Henderson, NV  89052
                                  702-932-7763 – phone
                                  702-818-1065 – facsimile
                                  CiCiEsq@cox.net